# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

ROBERT AMBROSE EDWARDS,

        Plaintiff,

vs.

STATE OF NEVADA, *et al.*,

        Defendants.

Case No. 2:17-cv-00201-JAD-VCF

**ORDER**

This matter involves Plaintiff Robert Ambrose Edwards's action against the State of Nevada, Clark County, County of Clark, Investigator David Robbins, Deputy District Attorneys William Rowles, Binu Palal, and Michael Giles, and Las Vegas Township Justices of the Peace Joseph Sciscento and Letizia Harmony. Before the Court is the State of Nevada's unopposed motion to stay (ECF No. 15). Co-defendants Clark County, County of Clark, Deputy District Attorneys William Rowles, Binu Palal, and Michael Giles, and Las Vegas Township Justices of the Peace Joseph Sciscento and Letizia Harmony moved to join that Motion (ECF No. 17). For the reasons stated below, the State of Nevada's Motion to Stay is granted.

## LEGAL STANDARD

When evaluating a motion to stay discovery while a dispositive motion is pending, the Court initially considers the goal of Federal Rule of Civil Procedure 1. The guiding premise of the Rules is that the Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action." Fed R. Civ. P. 1. It needs no citation of authority to recognize that discovery is expensive. The Supreme Court has long mandated that trial courts should resolve civil

matters fairly but without undue cost. *See Brown Shoe Co. v. United States*, 370 U.S. 294, 306 (1962). This directive is echoed by Rule 26, which instructs the court to balance the expense of discovery against its likely benefit.

Consistent with the Supreme Court's mandate that trial courts should balance fairness and cost, the Rules do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. *Skellerup Indus. Ltd. v. City of Los Angeles*, 163 F.R.D. 598, 600–01 (C.D. Cal. 1995). Under Fed. R. Civ. P. 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense…" Whether to grant a stay is within the discretion of the court. *Munoz–Santana v. U.S. I.N.S.*, 742 F.2d 561, 562 (9th Cir. 1984). The party seeking the protective order, however, has the burden "to 'show good cause' by demonstrating harm or prejudice that will result from the discovery." Fed R. Civ. P. 26(c)(1). Satisfying the "good cause" obligation is a challenging task. A party seeking "a stay of discovery carries the heavy burden of making a 'strong showing' why discovery should be denied." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D.Cal.1990) (citing *Blankenship v. Hearst Corp.* 519 F.2d 418, 429 (9th Cir. 1975)).

Generally, imposing a stay of discovery pending a motion to dismiss is permissible if there are no factual issues raised by the motion to dismiss, discovery is not required to address the issues raised by the motion to dismiss, and the Court is "convinced" that the plaintiff is unable to state a claim for relief. *Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984); *White v. Am. Tobacco Co.*, 125 F.R.D. 508 (D. Nev. 1989) (citing *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) *cert. denied*, 455 U.S. 942 (1982). Typical situations in which staying discovery pending a ruling on a dispositive motion are appropriate would be where the dispositive motion raises issues of jurisdiction, venue, or immunity. *See TradeBay, LLC v. Ebay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011).

Courts in the District of Nevada apply a two-part test when evaluating whether a discovery stay should be imposed. *Id.* (citations omitted). First, the pending motion must be potentially dispositive of the entire case or at least the issue on which discovery is sought. *Id*. Second, the Court must determine whether the pending motion to dismiss can be decided without additional discovery. *Id*. When applying this test, the Court must take a "preliminary peek" at the merits of the pending dispositive motion to assess whether a stay is warranted. *Id*. The purpose of the "preliminary peek" is not to prejudge the outcome of the motion to dismiss. Rather, the Court's role is to evaluate the propriety of an order staying or limiting discovery with the goal of accomplishing the objectives of Rule 1.

## DISCUSSION

The State of Nevada's Motion to Stay is granted for two reasons. First, Edwards failed to oppose that Motion. Under Local Rule 7-2(b), the party opposing a motion has fourteen days to file points and authorities in response to a motion. If no response is filed within fourteen days, then "[t]he failure of [the] opposing party to file points and authorities … constitute[s] a consent to the granting of the motion." *See* LR 7-2(d). Here, the State of Nevada filed its Motion to Stay on April 13, 2017. To date, no opposition has been filed.

Second, the State of Nevada's Motion to Stay is granted on the merits. Based on this Court's "preliminary peek" at the merits of the State of Nevada's Motion to Dismiss, a stay is warranted. The underlying Motion to Dismiss contends, *inter alia*, that personal jurisdiction and subject matter jurisdiction are lacking in this case. The Motion to Dismiss first argues that Edward's failed to properly serve the State of Nevada because he did not identify the particular department whose actions are the basis of his suit as required. *See* NRS 41.031. The Motion to Dismiss contends that Edwards failed to

3

serve the Summons and Complaint upon the Attorney General's Office. This insufficient process and service of process, argues the State of Nevada, warrants dismissal.

Moreover, the Motion to Dismiss asserts that this Court lacks subject matter jurisdiction because Edwards has not alleged a federal question or diversity jurisdiction. In his complaint, Edwards brings causes of action against the State of Nevada for "trespass and trespass in the case" which are torts and do not involve questions of federal law. ECF No. 1 at 1-2. Further, Edward alleges in his complaint that he is "a people of Nevada." *Id*. at 3. The Motion to Dismiss posits that Edwards has failed to state a claim upon which relief can granted under *Ashcroft v. Iqbal*, 1950 U.S. 662, 679–79 (2009) because he failed to allege anything specific regarding the State of Nevada and only makes conclusory allegations not supported by facts. The Court agrees. These are appropriate bases for ordering a stay. *See TradeBay*, 278 F.R.D. at 600. Edward's complaint is unintelligible and incoherent. The Court is convinced that the State of Nevada's Motion to Dismiss can be decided without additional discovery.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that the State of Nevada's unopposed Motion to Stay (ECF No. 15) is GRANTED.

IT IS SO ORDERED.

DATED this 5th day of May, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

4