UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Robert Ambrose Edwards,

    Plaintiff

v.

State of Nevada, et al.,

    Defendants

2:17-cv-00201-JAD-VCF

**Order**

[ECF Nos. 7, 10]

Plaintiff Robert Edwards sues the State of Nevada, Clark County, various district attorneys and judges, and a member of the Nevada State Contractors Board in this "trespass" action stemming from perceived violations of his rights during state criminal proceedings. Clark County and the individual defendants move to dismiss under the abstention doctrine articulated by *Younger v. Harris*.[1] The State of Nevada moves to dismiss for insufficient process, lack of personal and subject-matter jurisdiction, and failure to state a claim. Because I find that I lack subject matter jurisdiction over Edwards's suit, I dismiss it and close this case.

**Background**

In December 2015, the State of Nevada filed a criminal complaint against Edwards in Las Vegas Justice Court, accusing him of engaging in a contracting business without a license.[2] Edwards alleges that he received a summons to appear on the charge, but he "sent [it] back to the court marked refuse to contract."[3] Edwards appeared at his first hearing and challenged the court's "subject matter jurisdiction over [him], a living man."[4] After giving Edwards multiple

---

[1] *Younger v. Harris*, 401 U.S. 37 (1971).

[2] *See* ECF No. 7 at 5 (criminal case summary).

[3] ECF No. 4 at 3.

[4] *Id.* at 80 (transcript of state court hearing).

opportunities to convince Justice of the Peace (and defendant in this case) Joseph Sciscento that he lacked jurisdiction, Judge Sciscento denied his "motion" to dismiss the criminal charges for lack of jurisdiction.[5]

Edwards alleges one cause of action for trespass and four claims for "trespass on the case."[6] He claims that the Las Vegas Justice Court is not a "court of record," but a "corporation for profit" and a "Military Court" with no power to imprison people.[7] He also accuses the defendants of "warring against the Constitution" and refers to them as "foreign agents working for corporations attempting to deprive [him] of his rights."[8] Ultimately, all of his bizarre allegations appear to be reassertions of the same jurisdictional arguments that he raised before the state court. He appears to claim that, because various judges and district attorneys did not credit his jurisdictional arguments and continued prosecuting the case against him, they are all guilty of trespass and treason.[9]

## Discussion

### A. I lack subject-matter jurisdiction over this case.

The State of Nevada argues that I lack subject-matter jurisdiction over Edwards's claims.[10] "Federal district courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute . . . ."[11] For a federal court to hear a civil action, the claims alleged must trigger one of the two legally recognized bases for federal-court jurisdiction: (1) federal-question jurisdiction under 28 U.S.C. § 1331, or (2) diversity jurisdiction under 28

---

[5] *Id.* at 122–128.

[6] *Id.* at 3–9.

[7] *Id.* at 9.

[8] *Id.*

[9] *Id.* at 7, 12.

[10] ECF No. 10 at 3.

[11] *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (citations omitted).

2

U.S.C. § 1332. Federal-question jurisdiction allows a litigant to bring a claim in federal court if it arises under federal law.[12] While I am not quite sure what "trespass on the case" is, I am sure that it is not a claim arising under federal law. Trespass is a state-tort-law action. Absent any claim arising under federal law, I lack federal-question jurisdiction over this case.

Diversity jurisdiction permits individuals to bring state claims in federal court if the value of the claim exceeds $75,000 and the parties are citizens of different states.[13] Edwards is domiciled in Las Vegas and is therefore a citizen of Nevada.[14] The defendants are the State of Nevada, a municipality within Nevada, and employees of the state.[15] They were all served in Nevada, and Edwards gives me no reason to believe that they are not citizens of this state.[16] So Edwards has not established that I have diversity jurisdiction over this case. Because I lack subject-matter jurisdiction over this lawsuit and am dismissing on that basis, I do not consider the defendants' alternative arguments for dismissal.

. . .

---

[12] *See* 28 U.S.C. § 1331 (2012).

[13] *See* 28 U.S.C. § 1332.

[14] *Kantor v. Warner-Lambert Co.*, 265 F.3d 853 (9th Cir. 2001) ("To be a citizen of a state, a natural person must first be a citizen of the United States. . . . The natural person's state of citizenship is then determined by her state of domicile . . . .").

[15] According to the amended complaint, defendants William Rowles, Binu Palal, and Michael Giles work for the district attorney's office. ECF No. 4 at 4, 7. Joseph Sciscento and Letizia Harmony are judges or judicial officers at the Las Vegas Justice Court. *Id.* at 4, 9. David Robbins is allegedly an "investigator" for the Nevada State Contractors Board. *Id.* at 3.

[16] Indeed, Edwards does not respond to any of the arguments raised in the motions to dismiss.

3

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that the State of Nevada's motion to dismiss **[ECF No. 10] is GRANTED** and the case is dismissed for lack of jurisdiction.

IT IS FURTHER ORDERED that the other defendants' motion to dismiss **[ECF No. 7] is DENIED as moot.**

The **Clerk of Court** is directed to **CLOSE THIS CASE.**

DATED: January 22, 2018.

_____
U.S. District Judge Jennifer A. Dorsey